UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRELL THOMAS,

                Plaintiff,        Civil Action No. 16-11954
                                      Honorable Mark A. Goldsmith
                                      Magistrate Judge David R. Grand

v.

QUANTUM COMMUNITY
DEVELOPMENT CORPORATION
and CRAIG OWENS,

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT [5]
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)

**I. REPORT**

    **A. Background**

On June 14, 2016, *pro se* Plaintiff Terrell Thomas ("Thomas") filed an amended complaint against Quantum Community Development Corporation and its owner and CEO, Craig Owens ("Owens") (collectively "Defendants"). (Doc. #5). Also on June 14, 2016, Thomas filed a request for service by the U.S. Marshals. (Doc. #6). On June 17, 2016, this case was referred to the undersigned for all pretrial purposes by the Honorable Mark A. Goldsmith. (Doc. #8).

Thomas previously requested service by the U.S. Marshals when he filed his initial complaint on May 31, 2016. (Docs. # 1, #3 (attaching summons)). This request was granted, and the Court ordered that the summonses (Doc. #3 at 2-3) and Thomas' amended complaint (Doc. #5) be served by the U.S. Marshals upon Defendants at the following address: 3601 South

Dallas Street, Suite 344, Aurora, Colorado 80014. (Doc. #11).

On July 14, 2016, summonses were issued for Defendants and the U.S. Marshals acknowledged receipt of the service of process documents. (Docs. #13, #14). It appeared the U.S. Marshals attempted to serve Defendants via certified mail at the address provided by Thomas (Doc. #15), as permitted by Michigan Court Rules (M.C.L. § 2.105), but months later there was still no indication that service was accomplished because the processes were returned as "unclaimed." (Doc. #19). The Court interpreted this as meaning that Defendants had not been served; the "unclaimed" certified mail suggested that the address provided by Thomas was correct, but that Defendants declined to accept the mailing. As a result, the Court *sua sponte* ordered, pursuant to Federal Rule of Civil Procedure 4(e) and Colorado Rule of Civil Procedure 4(e), that the summonses (Doc. #3 at 2-3) and Thomas' amended complaint (Doc. #5) be personally served by the U.S. Marshals upon Defendants at the same Colorado address referenced above. (Doc. #20).

On January 20, 2017, a certificate of service was filed as evidence that personal service upon Defendants was accomplished on October 31, 2016. (Doc. #24). The summonses required Defendants to answer or otherwise respond to Thomas' amended complaint within 21 days after they were served. (*Id.* at 2). As of today's date, no such answer or responsive pleading appears on the docket, and Defendants have not otherwise appeared in this action. At the same time, Thomas has not moved for any relief against Defendants, which suggests he does not intend to further pursue this action.

Accordingly, on July 25, 2017, the Court issued an Order to Show Cause for Failure to Prosecute After Service was Made on Defendants, requiring Thomas to show cause in writing by August 15, 2017, as to why the Court should not recommend dismissal of his case for failure to

prosecute. (Doc. #25). The Court explicitly warned Thomas that "if he fails to comply with the Court's order, the Court will recommend dismissing the case pursuant to Fed. R. Civ. P. 41(b)." (*Id.* at 2). As of today's date, Thomas has not responded to the Court's Order to Show Cause, nor has he moved for default under Federal Rule of Civil Procedure 55.[1]

### B. Legal Standard

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute

---

[1] The Court served the Order to Show Cause on Thomas at his address of record. Notably, this Order was not returned as undeliverable.

under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All of the factors favor dismissal here.

**C.     Analysis**

With respect to the first factor, even after the Court warned Thomas that his failure to respond to the July 25, 2017 Order to Show Cause would result in a recommendation that his case be dismissed for failure to prosecute, he still failed to respond. Therefore, even though it is not clear that Thomas' failure to respond was done it bad faith, it was "certainly willful and with fault." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013). As to the second factor, although Defendants have not appeared, they are still slightly prejudiced by having this action pending against them while Thomas appears to have abandoned his claims. Moreover, the third and fourth factors weigh heavily in favor of dismissal, as Thomas has been given a clear warning that his case would be dismissed if he did not take the appropriate measures or respond to this Court's show cause order. Indeed, personal service upon Defendants (in particular, Owens) was executed on October 31, 2016 (Doc. #24), and in the last ten months, Thomas, even after having been warned by the Court, has taken no action whatsoever indicating a desire to pursue his case. In this regard, the Court notes that well prior

to service being accomplished, Thomas filed a motion for default judgment. (Doc. #18). The Court denied that motion, explaining that it was premature "because Defendants have not been served with Thomas' amended complaint (Doc. #5), and because no default has been entered by the Clerk of the Court." (Doc. #23 at 2). In fact, the Court went further, and explained, "Federal Rule of Civil Procedure 55(a) permits the Clerk of the court to enter a default when a party fails to defend an action as required by Rule 12(a)(1)(A) (requiring a party answer a complaint within twenty-one days of service). The court may then enter a default judgment, pursuant to Rule 55(b)(1)." (*Id.*). Thus, Thomas was clearly aware of the procedures he needed to follow to obtain relief in the event Defendants failed to appear in the case after being served. Given these facts, dismissal is proper.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *Id.* (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Here, for the reasons discussed above, Thomas has shown an "apparent abandonment" of his case by failing to comply with orders of the Court and by failing to take the steps necessary for the prosecution of his claims. Again, under these circumstances, dismissal is appropriate. *See* Fed. R. Civ. P. 41(b).

## II.  RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Thomas' amended complaint **(Doc. #5)** be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).

Dated: August 24, 2017                                         s/David R. Grand

Ann Arbor, Michigan                                    DAVID R. GRAND
                                                       United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 24, 2017.

                                                       s/Eddrey O. Butts
                                                       EDDREY O. BUTTS

Case Manager